The opinion of the Court was delivered by
Nott, J.
It is not necessary to determine in this case, whether the doctrine of implied warranty, which is maintained in our Courts, applies to sales at auction or not.[1] For even though the law might not imply a soundness of property merely from the soundness of price, yet misrepresentation is considered as amounting to an express warranty. Advertising this as prime coffee, and exhibiting a part of it as such, was tantamount to an express undertaking of the seller, that the article was p,,.* of the quality which it was represented to be. And although it was L publicly exposed to inspection, yet there was no reference made to the purchaser to examine and judge for himself. But on the contrary, a specimen was exhibited by which the whole was to be judged ; and he purchased on the faith and’credit of the vendor, and not on his own view. And although I do not see any ground in this case to suppose that an actual fraud was intended,[2] yet the vendor having advertised it]as prime and represented it at the sale as such, was bound to make it good. The same degree of good faith ought to be observed in sales at auction, as in other sales.
2. Whether the coffee was damaged at the time of the sale, or became so afterwards, was a question for the consideration of the jury ; and the presumption, that it became so afterwards, I think was very well repelled by the evidence offered on the trial.
3. But defendant’s stronghold is on the last ground. In England, it is held, that an action for money had and received, or indebitatus assumpsit, will not lie to try a warranty. Power v. Wells, Cowper, 819. Stuart v. Wilkins, Doug. 18. The party must declare on the warranty. And it was held by this Court, in the case of Fowler & Williams,[3] at Columbia, that when the plaintiff brought this action to *410 recover back the purchase money of a hoi’se which had died, that the action would not lie, as he had not tendered back the property. Whether that decision is to be supported or not, I apprehend it is well settled that a person cannot recover on a single count for money had and received, unless there has been a return of the property, or, at least, a tender of it, or where there has been an entire failure of consideration. Whether there was any count in this declaration on which plaintiff could recover, does not appear. But it is obvious, from his own showing, that his demand arose on account of the coffee having been damaged, and not that it was entirely worthless. He was only, therefore, entitled *681 *recover the difference between prime coffee and that of inferior -1 quality. He was not entitled to the coffee and money both ; and therefore a new trial must be granted.
Grimfce, for the motion. JBelser, contra.
Colcogk and Oheves JJ., concurred.
Gantt, J., dissented.

 1 N. & McC. 194; post. 153.

 9 Rich. 524.

 2 Brev. 304: see 1 McC. 540.